IN THE UNITED STATES DISTRICT COURT
FOR THE WESTERN DISTRICT OF PENNSYLVANIA

| | |
|---|---|
| ANDREW RICHARDSON,<br>      Plaintiff<br><br>   vs.<br><br>DEPARTMENT OF HUMAN SERVICES,<br>OFFICE OF CHILDREN AND YOUTH,<br>      Defendant. | C.A. No. 05-226 Erie<br>District Judge McLaughlin<br>Magistrate Judge Baxter |

**MAGISTRATE JUDGE'S REPORT AND RECOMMENDATION**

**I.    RECOMMENDATION**

It is respectfully recommended that Defendant's motion to dismiss [Document # 10] be granted.

**II.    REPORT**

    **A.    Relevant Procedural and Factual History**

Plaintiff Andrew Richardson, presently incarcerated at the Erie County Prison, brings this *pro se* civil rights action pursuant to 42 U.S.C. § 1983. Although Plaintiff's rambling allegations are somewhat difficult to comprehend, it appears Plaintiff is asking this Court to enjoin Defendant from "continued harassment" and making "false allegations" of child molestation against him. (Complaint at Section VI). In particular, Plaintiff makes the following allegations, which are set forth verbatim from his complaint:

> The Children of Youth brought allegations of child molestation. I was first informed that I had touched all 7 girls, then as time went on they had me report to the Police Department for an interview (by tape). I was released that day with no further contact with the police. Roughly 1 week later I was arrested for statutory rape. I was booked and placed in the Erie County Prison. Upon going to my preliminary they never informed me of the charges. (They claimed cuz I couldn't read).
>
> Then I was brought to two separate suppression hearings where I had to listen to false allegations be made. They bound all tapes & evidence over to trial. Upon the date of trial there was no tapes to be found. All

1

> criminal proceedings were based on these tapes which were suppose to have me admitting to this crime. Said tapes were never found.
>
> Now Children and Youth are trying to continue to push the same allegations of child molestation even after my daughter came to court and stated no such thing happen! Even after 2 counts were dismissed they are still trying to recharge me.

(Complaint at Section IV.C).

Defendant has filed a motion to dismiss [Document # 10], claiming that (i) this Court lacks subject matter jurisdiction to grant the relief requested, or (ii) Plaintiff has failed to plead the existence of an unconstitutional policy, custom, or practice implemented by Defendant that caused a constitutional deprivation and, thus has failed to state a claim upon which relief may be granted. Despite being given the opportunity to do so, Plaintiff has failed to file a response to Defendant's motion. This matter is now ripe for consideration.

### B. Standards of Review

#### 1. Subject Matter Jurisdiction - F.R.C.P. 12(b)(1)

When a motion to dismiss is made under Federal Rule of Civil Procedure 12(b)(1) for lack of subject matter jurisdiction which attacks the complaint as deficient on its face, the Court must take all allegations in the complaint as true. Mortensen v. First Federal Sav. and Loan Ass'n, 549 F.2d 884, 891(3d Cir. 1977). However, when the motion attacks the existence of subject matter jurisdiction in fact, no presumptive truthfulness attaches to plaintiff's allegations and the Court may weigh the evidence to satisfy itself that subject matter jurisdiction exists in fact. Id. at 891. See also Carpet Group Intern. v. Oriental Rug Importers Ass'n, Inc., 227 F.3d 62, 69 (3rd Cir. 2000); Poling v. K. Hovnanian Enterprises, 99 F.Supp.2d 502, 515 (D.N.J. 2000).

In Mortensen, the Third Circuit delineated the standard of review to be used in a 12(b)(1) motion, as opposed to a motion under 12(b)(6), stating:

> The basic difference among the various 12(b) motions is, of course, that 12(b)(6) alone necessitates a ruling on the merits of the claim, the others deal with procedural defects. Because 12(b)(6) results in a determination on the merits at an early stage of plaintiff's case, the plaintiff is afforded the safeguard of having

> all its allegations taken as true and all inferences favorable to plaintiff will be drawn. . . .
>
> The procedure under a motion to dismiss for lack of subject matter jurisdiction is quite different. At the outset we must emphasize a crucial distinction, often overlooked, between 12(b)(1) motions that attack the complaint on its face and 12(b)(1) motions that attack the existence of subject matter jurisdiction in fact, quite apart from any pleadings. The facial attack does offer similar safeguards to the plaintiff: the court must consider the allegations of the complaint as true. The factual attack, however, differs greatly for here the trial court may proceed as it never could under 12(b)(6) or Fed.R.Civ.P. 56 . Because at issue in a factual 12(b)(1) motion is the trial court's jurisdiction its very power to hear the case there is substantial authority that the trial court is free to weigh the evidence and satisfy itself as to the existence of its power to hear the case. In short, no presumptive truthfulness attaches to plaintiff's allegations, and the existence of disputed material facts will not preclude the trial court from evaluating for itself the merits of jurisdictional claims. Moreover, the plaintiff will have the burden of proof that jurisdiction does in fact exist.

549 F.2d 884, 891. Accordingly, no presumptive truthfulness attaches to Plaintiff's allegations regarding subject matter jurisdiction.

**2.     Motion to Dismiss**

A motion to dismiss filed pursuant to Federal Rule of Civil Procedure 12(b)(6) must be viewed in the light most favorable to the plaintiff and all the well-pleaded allegations of the complaint must be accepted as true. Neitzke v. Williams, 490 U.S. 319 (1989); Langford v. City of Atlantic City, 235 F.3d 845, 847 (3d Cir. 2000). The motion cannot be granted unless the court is satisfied "that no relief could be granted under any set of facts that could be proved consistent with the allegations." Hishon v. King & Spaulding, 467 U.S. 69, 73 (1984). See also Swierkiewicz v. Sorema N.A., 534 U.S. 506 (2002).

Rule 8(a) of the Federal Rules of Civil Procedure states that a pleading must set forth a claim for relief which contains a short and plain statement of the claim showing that the pleader is entitled to relief. The issue is not whether the plaintiff will prevail at the end but whether he should be entitled to offer evidence in support of his claim. Neitzke v. Williams, 490 U.S. 319 (1989); Scheuer v. Rhodes, 419 U.S. 232 (1974). However, a court need not credit a

complaint's "bald assertions" or "legal conclusions" when deciding a motion to dismiss. Morse v. Lower Merion School Dist., 132 F.3d 902, 906 (3d Cir. 1997) citing In re Burlington Coat Factory Securities Litigation, 114 F.3d 1410, 1429-30 (3d Cir.1997).  Therefore, in order to survive a motion to dismiss for failure to state a claim, the complaint must only set forth sufficient information to suggest that there is some recognized legal theory upon which relief can be granted.  See Swierkiewicz.

### 3. *Pro Se* Pleadings

*Pro se* pleadings, "however inartfully pleaded," must be held to "less stringent standards than formal pleadings drafted by lawyers" and can only be dismissed for failure to state a claim if it appears "'beyond a doubt that the plaintiff can prove no set of facts in support of his claim which would entitle him to relief.'"  Haines v. Kerner, 404 U.S. 519, 520-521(1972) quoting Conley v. Gibson, 355 U.S. 41, 45-46 (1957).  If the court can reasonably read pleadings to state a valid claim on which the litigant could prevail, it should be done so despite failure to cite proper legal authority, confusion of legal theories, poor syntax and sentence construction, or litigant's unfamiliarity with pleading requirements. Boag v. MacDougall, 454 U.S. 364 (1982); United States ex rel. Montgomery v. Bierley, 141 F.2d 552, 555 (3d Cir. 1969)(petition prepared by a prisoner may be inartfully drawn and should be read "with a measure of tolerance"); Smith v. U.S. District Court, 956 F.2d 295 (D.C.Cir. 1992); Freeman v. Department of Corrections, 949 F.2d 360 (10th Cir. 1991).  Under our liberal pleading rules, a district court should construe all allegations in a complaint in favor of the complainant.  Gibbs v. Roman, 116 F.3d 83 (3d Cir.1997).  See Nami v. Fauver, 82 F.3d 63, 65 (3d Cir. 1996)(discussing Fed.R.Civ.P. 12(b)(6) standard); Markowitz v. Northeast Land Company, 906 F.2d 100, 103 (3d Cir. 1990)(same).

### C. Discussion
#### 1. Rooker-Feldman Doctrine

Defendant argues that "in order for this Court to conclude that defendant's investigation and findings that lead to the charges in question were somehow improper and violated plaintiff's

4

constitutional rights, this Court would have to determine that plaintiff's conviction was wrong. Such relief is a request to have this Court determine that the State proceedings were erroneous or otherwise ineffectual, and are barred by Rooker-Feldman." (Document # 10, Defendant's motion to dismiss, at ¶ 11).  Under the Rooker-Feldman Doctrine,[1] federal courts are prohibited "from exercising 'subject matter jurisdiction to review final adjudications of a state's highest court or to evaluate constitutional claims that are inextricably intertwined with the state court's [decision] in a judicial proceeding.'" Ernst v. Child and Youth Services of Chester County, 108 F.3d 486, 491 (3d Cir. 1997), cert. denied, 522 U.S. 850, 118 S.Ct. 139 (1997)(quoting FOCUS v. Allegheny County Court of Common Pleas, 75 F.3d 834, 840 (3d Cir. 1996))(internal citations omitted).

In this case, however, Plaintiff is not asking this Court to review the decision of the state court, nor is he asking for the state court judgment to be overturned. Plaintiff is essentially claiming that his substantive due process rights have been violated by Defendant's allegedly false allegations of child molestation, which he is asking this Court to enjoin. Because Plaintiff's allegations do not "involve the invalidation of any conclusion or judgment reached by the state court," Rooker-Feldman is not implicated. Ernst, 108 F.3d at 492. As a result, Defendant's motion to dismiss Plaintiff's complaint for lack of subject matter jurisdiction should be denied.

### 2.    *Respondeat Superior*

Defendant's argue that "Plaintiff's § 1983 claim against defendant must be dismissed because plaintiff has failed to plead the existence of an unconstitutional policy, custom or practice implemented by defendant that caused a constitutional deprivation." (Document # 10, Defendant's motion to dismiss, at ¶ 12). The Court agrees. Plaintiff merely claims that Defendant has made false allegations against him, which has essentially violated his

---

[1] This doctrine arises out of the decisions in Rooker v. Fidelity Trust Co., 263 U.S. 413, 44 S.Ct. 149 (1923) and District of Columbia Court of Appeals v. Feldman, 460 U.S. 462, 103 S.Ct. 1303 (1983).

constitutional right to due process; he makes no mention of any policy, custom or practice of Defendant that led to such a violation. Without alleging a policy, custom or practice, Plaintiff has failed to state a *prima facie* case against Defendant under Section 1983. Marran v. Marran, 376 F.3d 143, 156 (3d Cir. 2004). As a result, Defendant's motion to dismiss Plaintiff's complaint for failure to state a claim should be granted.

### III.   CONCLUSION

For the foregoing reasons, it is respectfully recommended that Defendant's motion to dismiss [Document # 10] be granted.

In accordance with the Magistrates Act, 28 U.S.C. § 636(b)(1)(B) and (C), and Rule 72.1.4(B) of the Local Rules for Magistrates, the parties are allowed ten days from the date of service to file objections to this Report and Recommendation.

S/Susan Paradise Baxter<br>
SUSAN PARADISE BAXTER<br>
Chief U.S. Magistrate Judge

Dated: June 1, 2006

cc:   The Honorable Sean J. McLaughlin
      United States District Judge